IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
V. ) I.D.: 2004004125
)
ERIC TEEL, )
)
Defendant. )

## **ORDER**

This 1st day of September, 2022, the Court hereby finds:

1.　　Mr. Teel has filed two *pro se* motions.  One is styled a motion for post-conviction relief ("Rule 61 motion"), the other is styled a motion to correct an illegal sentence ("Rule 35 motion").  Both say the same thing and neither make out a case for relief.  His Rule 61 motion is denied because he has not made out a claim of ineffective assistance of counsel.  His Rule 35 motion is denied because his sentence was not illegal.

2.　　Mr. Teel pled guilty to possession of a firearm by a person prohibited ("PFBPP") and a single count of harassment.  Pursuant to the terms of the plea agreement, he was sentenced immediately to 10 years in prison, the minimum mandatory for a conviction of PFBPP with a prior record that includes two "violent" felonies.[1]

---

[1] *See* 11 *Del. C*. §1448(e)(1)(c).

3. Mr. Teel's complaint has to do with his prior convictions, both violent felonies. He has no dispute but that he was convicted previously of stalking, a violent felony.[2] His complaint has to do with a 2008 conviction for possession with intent to deliver marijuana.[3]

4. Mr. Teel says that possession with intent to deliver marijuana is no longer considered a "violent felony" under section 4201(c). From this precarious assumption, he wants to argue that he does not have two violent felony convictions, but only one, thus subjecting him to a 5 year minimum mandatory, not 10.

5. But his assumption, like so many, is in error. As Mr. Teel explains, he was convicted previously of possession with intent to distribute marijuana, in violation of 16 *Del. C.* §4752. That offense, to this day, remains on the list of "violent" felonies that trigger the enhanced/mandatory sentences of 11 *Del. C.* §1448(e).

6. In fairness, it may not be Mr. Teel who is in error, but the "authority" he has relied on. Mr. Teel has appended a "summary of drug offenses" that appears

---

[2] 11 *Del. C.* §4201(c).

[3] It has since been learned that the immediate sentencing form calls this offense "possession within a school zone" but that is not what the conviction was for. Both the State and defense counsel have agreed that they understood the second "violent felony" for sentencing purposes was possession with intent to deliver. Indeed, defendant does not claim otherwise. *See* Motion for Correction of Illegal Sentence p. 2 ("To my knowledge, the actual conviction was possession w/intent for marijuana.").

2

to be some sort of home brewed synopsis of the mandatory statutes, typed up for the benefit of *pro se* inmates.  He has highlighted a portion that says, in part, "if you have past drug convictions, those drug convictions can no longer be used to up the felony charge to any higher degree, nor can they be used to impose a greater sentence against you."[4]

7.      Well, that is sort of correct, but not quite.  Way back when, a second offense for drug dealing did indeed "up" the felony charge to a higher degree and also triggered a mandatory sentence.  Those enhanced penalty laws in Title 16 were indeed repealed in 2011.[5]

8.      But a repeal of some of the more draconian aspects of the drug laws did not amount to a complete renunciation of the offenses generally or declare some general absolution.  Section 4201(c), defining "violent felonies," underwent a huge expansion in 1996, defining about 70 different offenses as "violent," with substantial reverberations in the sentencing laws.  Most significantly, those offenses impacted the minimum sentence that judges were required to impose when the defendant qualified as a habitual offender.[6]  Prior violent felonies in effect turned some habitual offender sentencing into mandatory minimums.

---

[4] D.I. 11 attachment.
[5] 78 Del. Laws, ch. 13 (2011).
[6] *See generally* 11 *Del. C.* §4214.

9. But the term "violent felony" does not only impact habitual offender sentencing. It also impacts the person prohibited statute. And the Legislature has not removed the former offense of delivery or possession with intent to deliver controlled substances from the list of violent felonies.[7] Indeed, the jailhouse information Mr. Teel appended to his pleading informs the reader that drug dealing remains a violent felony and that "if there are Lawyers who are advising you that drug dealing is not a violent felony (simply because the habitual offender guidelines have been changed regarding drug crimes), then this lawyer is peddling FALSE information to you." Indeed.[8]

10. Defendant's prior conviction for possession with intent to distribute marijuana was, and remains, a violent felony as defined by the Delaware Code.

---

[7] 11 *Del. C.* §4201(c).

[8] Mr. Teel writes that his 2008 conviction for possession with intent to distribute marijuana involved only 3 grams of the drug. Taking him at his word, the Court can only point out that when the General Assembly passes mandatory sentencing laws, it leaves the Court with no choice but to impose the sentence and no option to consider the nuances he raises. The Court may sympathize with Mr. Teel's misfortune, but the Court is powerless to do anything about it. Mr. Teel may have some avenue for relief from the legislative or the executive branch, but those two branches have effectively foreclosed further consideration of his plight by the judiciary.

For the reasons state above, Defendant's Rule 61 and Rule 35 motions are hereby **DENIED**.

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge

cc:    Nichole W. Warner, Esquire
Raymond D. Armstrong, Esquire
Mr. Eric Teel